IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HALEY LANGFORD,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | NO. _____ |
| § | |
| **HOUSTON CIRCLE OF HOPE** § | |
| **SERVICES, INC.** § | |
| § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Haley Langford ("Plaintiff") files this Original Complaint against Defendant Houston Circle of Hope Services, Inc. ("Defendant" or "HCHS") and would respectfully show as follows:

### A.   PARTIES

1. The Plaintiff is Haley Langford. She is a resident of Humble, Texas. Plaintiff is employed by Defendant as a rehab clinician/qualified mental health professional within the meaning of the FLSA.

2. Defendant HCHS is a domestic for-profit corporation with its principal place of business in Houston, Texas, engaged in commerce and subject to the FLSA. This Defendant is Plaintiff's employer. Defendant may be served with process by serving its registered agent for service of process, InCorp Services, Inc., 815 Brazos St., Suite 500, Austin, Texas 78701.

### B.   JURISDICTION

3. This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

### C. VENUE

4. Pursuant to 28 U.S.C. §1391(b) & (c), venue for this suit is proper in this district and division because it is the district and division in which the Defendant resides, and in which a substantial part of the events or omissions giving rise to the claim occurred.

### D. FACTS

5. Plaintiff Haley Langford was employed by the Defendant beginning more than three years ago. During that time period, she was not paid overtime at one and one-half times her regular rate of pay when she worked over 40 hours in a week. During Plaintiff's employment by Defendants, she was engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce, or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Over the past three years Defendant employed at least two individuals that routinely handled goods or materials such as phones, computers, office equipment and vehicles that moved in, or were produced for, interstate commerce.

6. Defendant, HCHS, is a covered enterprise that has been and continues to be engaged in interstate commerce under the FLSA, and in each of the past three years, had revenues in excess of the statutory minimum required for enterprise coverage under the FLSA. At all relevant times in each of the past three years, this enterprise had a total annual gross volume of revenues exceeding $800,000.

7. During the past 3 years Plaintiff worked on average more than 60 hours per week, though she was not permitted to bill for the time she worked over 40. She was paid by the hour for her work.

8. HCHS divides its time-keeping systems into two separate categories known as billable and non-billable time. Billable time is time spent with clients, while non-billable time includes work time that Plaintiff is not permitted to record on her timesheets, in addition to travel time and time spent doing paperwork.

9. HCHS pays for billable time only—it does not pay for non-billable work time.

10. Defendant pays a $100 per month gas stipend. Plaintiff is required to travel to 2-4 homes per day up to six days per week to visit clients. She has never been compensated for her drive time between clients' homes. HCHS does not allow Plaintiff to record on her timesheets the time she spends travelling between client locations.

11. Plaintiff's job responsibilities include conducting assessments and completing treatment plans. She is compensated for time spent doing the assessment face-to-face but not for the time she spends entering the scores into the system or creating/updating the treatment plan.

12. When Plaintiff was paid for overtime, she was paid at her straight-time rate (commonly called "straight time for overtime"). She was never paid at the rate of 1.5 times her regular rate as required by the FLSA.

13. As a result of Defendant's actions, Plaintiff sustained damages. The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendant discloses Plaintiff's payroll records, including her paystubs, timesheets, and records of non-billable time.

14. The violations of the FLSA outlined above were committed willfully. HCHS knew it was legally required to pay Plaintiff for her travel time between client locations; it knew it was

required to pay her for time spent doing paperwork; it knew it was required to pay her 1.5 times her regular rate for all hours over 40 she worked in a workweek. Nevertheless, it willfully or recklessly disregarded the law. HCHS has been sued in the past over its policy and practice of not paying for travel time, not paying overtime of 1.5 times employees' regular rate when they work over 40 hours in a workweek, and refusing to pay for non-billable time. Nevertheless, HCHS continues to violate the FLSA.

### E. CAUSES OF ACTION

### COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

15. The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-14, *supra*.

16. At all relevant times, Defendant was and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant had an annual gross volume of revenues in excess of $800,000.

17. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a)(1).

18. Plaintiff is entitled to compensation for all overtime hours worked, all non-billable hours worked, including all hours spent driving between clients' homes, and all hours spent doing paperwork.

19. The Defendant violated §207 of the FLSA by employing the Plaintiff in any workweek, where she was not compensated for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which she was employed. *See* 29 U.S.C. §207(a)(1). The Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiff all of her wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendant to withhold overtime pay to the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation, liquidated damages in an amount equal to her unpaid wages and overtime compensation, as provided by law and which she seeks from the Defendant by this suit.

20. Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which she is justly entitled.

21. The work performed by Plaintiff was required by Defendant, for the benefit of Defendant, was directly related to Plaintiff's principal activities of employment with Defendant, and was an integral and indispensable part of her employment with Defendant, such that such activities constitute compensable work under the FLSA.

22. The FLSA requires employers like Defendant to maintain accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records in violation of 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

**PRAYER**

For these reasons, Plaintiff Haley Langford respectfully requests that Defendant be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid overtime, liquidated damages, in addition to costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

/s/Robert J. Filteau
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas 77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
HALEY LANGFORD

OF COUNSEL:

John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas 77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

And

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
1110 NASA Parkway, Suite 470
Houston, Texas 77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)