United States District Court
Southern District of Texas
**ENTERED**
August 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HALEY LANGFORD** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:22-cv-03679 |
| | § | |
| **HOUSTON CIRCLE OF HOPE SERVICES, INC.** | § | |
| | § | |
| Defendant. | § | |

## ORDER

This case arises from an employment dispute between Plaintiff Haley Langford and her employer, Defendant Houston Circle of Hope Services, Inc. On June 3, 2024, the Court held a one-day bench trial. At trial, Defendant waived opening and closing argument and elected not to introduce exhibits, put on witnesses, or cross examine Plaintiff's witnesses. ECF No. 44 at 1. Defendant also failed to object to any of Plaintiff's exhibits or witnesses prior to or during trial. *See* ECF Nos. 37, 38; *see also* Minute Entry date 06/03/2024. Now, Defendant requests a new trial "because the Court admitted certain Exhibits from Plaintiff without Plaintiff properly authenticating the Exhibits through witness testimony; and without Plaintiff establishing that the Exhibits were not hearsay." ECF No. 46.

A district court "may, on motion, grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofor been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1). District courts also may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a

1

new trial." FED. R. CIV. P. 61.

Defendant's three-sentence Motion does not come close to demonstrating that a new trial is warranted in this case. First, the Motion does not comply with Rule 7(b)(1)(B), which requires the motion to state with particularity the grounds for seeking the order. FED. R. CIV. P. 7(b)(1)(B). Further, the motion does not cite Rule 59, does not provide any legal authority for the relief requested, and does not identify the evidence it claims was improperly admitted.

Even if it did clear these pleading requirements, Defendant's Motion would lack merit. Because it failed to raise any objection to the admission of Plaintiff's seven trial exhibits at trial, Defendant waived any such objection. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). The Fifth Circuit has stated that "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* (citing *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). Defendant's Motion plainly does not meet this lofty standard.

Accordingly, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 2nd day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE